UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HOWARD FOX, | No. 2:13-cv-2379 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that several years ago, while housed at California State Prison-Sacramento, he was prescribed morphine sulphate to treat severe and chronic pain from past fractures in his arms and legs, shoulder and knee problems, and degenerative disk disease in his

2

1   lower back.  (ECF No. 1 at 5.)  Plaintiff took this medication daily for years.  In October 2012, he
2   was transferred to California Medical Facility, where defendant Dr. Sanders told plaintiff that his
3   morphine treatment would be discontinued, and plaintiff was "put on a detox program, against my
4   will." (Id. at 6.)  In March 2013, defendant Dr. Sharrar similarly told plaintiff that he would
5   "never again receive any narcotic medication." (Id. at 6-7.)

   Documents attached to the complaint indicate that Dr. Sanders ordered plaintiff's customary 90 mg a day of morphine sulphate to be cut "by almost 1/2." (Id. at 10.)  Plaintiff's administrative appeal to have his dosage restored to 90 mg a day was denied, with the reviewer, defendant Dr. Rading, noting that plaintiff's "mild lumbar disc disease" could be managed in other ways.  Rading further noted the "high risk of complications when taking narcotics at the high dose you were taking." (Id. at 12.)

   Plaintiff's grievance was also denied at the second level, with the reviewer noting that Dr. Sanders "taper[ed] down" plaintiff's dosage of morphine gradually "so as to avoid withdrawal symptoms."  Plaintiff had been provided a walking cane and referred to physical therapy and other "non-pharmacologic therapies" to address his chronic pain.  (Id. at 14-15.)  Plaintiff's grievance was also denied at the third level of review, with the reviewer noting that plaintiff had "active prescriptions for the medications ibuprofen and oxcarbazepine for pain management" and had received physical therapy for his back pain.  (Id. at 16-17.)

   Plaintiff alleges that, since being taken off morphine, he "suffer[s] extreme pain . . . every minute of my life," cannot sit for long periods of time or sleep, and has "trouble performing daily functions."  (Id. at 7.)  He seeks an injunction ordering defendants to reinstate his course of morphine sulfate "or an alternative such as methadone," as well as compensatory damages.  (Id.)

   Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

3

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Under this standard, plaintiff has failed to state a medical indifference claim against any defendant. Rather, his allegations amount to a disagreement between plaintiff and medical staff about the proper course of treatment for his chronic pain. Nothing in the complaint and attachments suggest that defendants were deliberately indifferent in their treatment of plaintiff so as to be liable under § 1983.

1            Accordingly, the court will dismiss the complaint and grant plaintiff leave to file an
2    amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how
3    the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.
4    See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific
5    terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983
6    unless there is some affirmative link or connection between a defendant's actions and the claimed
7    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
8    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
9    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
10   Regents, 673 F.2d 266, 268 (9th Cir. 1982).
11           In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
12   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
13   complaint be complete in itself without reference to any prior pleading.  This is because, as a
14   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
15   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
16   longer serves any function in the case.  Therefore, in an amended complaint, as in an original
17   complaint, each claim and the involvement of each defendant must be sufficiently alleged.
18           In accordance with the above, IT IS HEREBY ORDERED that:
19           1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
20           2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
21   shall be collected and paid in accordance with this court's order to the Director of the California
22   Department of Corrections and Rehabilitation filed concurrently herewith.
23           3. Plaintiff's complaint is dismissed.
24           4. Plaintiff is granted thirty days from the date of service of this order to file an amended
25   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
26   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
27   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
28   /////

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: January 23, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / fox2379.14new